OPINION
Linda Stoldt appeals the November 22, 1999 judgment and order of the Seneca County Court of Common Pleas removing her from the office of Clerk-Treasurer of the Village of Attica, and asserts three assignments of error with the trial court's judgment.
 The trial court violated appellant's procedural due process rights by setting a removal from public office trial brought pursuant to the Ohio Revised Code Section 117.40 a mere seven days after the action was filed by the Auditor of State.
 The trial court erred by failing to grant appellant, Linda Stoldt's motion for change of venue and recusal of judge.
 The trial court failed to sustain its burden of proof appellant, Linda S. Stoldt, knowingly refused to [keep] the accounts of her office of Clerk-Treasurer for the Village of Attica as prescribed by Revised Code Chapter 117 or Ohio Administrative Code Chapter 117-05, or to make the reports required by the Auditor of State.
In July of 1994, Ms. Stoldt was appointed to the position of interim Clerk-Treasurer of the Village of Attica, after the resignation of the previous Clerk-Treasurer. Ms. Stoldt was subsequently elected to fill the position of Clerk-Treasurer for the Village in 1996. However, on November 10, 1999 the Auditor for the State of Ohio, appellee Jim Petro, filed a complaint in the Seneca County Court of Common Pleas alleging that Ms. Stoldt had "knowingly refus[ed] to keep the accounts of [her] office." R.C. 117.40. In his prayer for relief, appellee requested the trial court to advance the case on the docket pursuant to R.C. 117.37, to remove Ms. Stoldt from her office as Clerk-Treasurer for the Village of Attica, to compel her to produce all of the village records and property in her possession, to enjoin her from destroying or harming any Village records, and to "grant such other relief as the Court deems equitable and just." Complaint for Removal and Request for Expedited Hearing at *4.
The trial court scheduled an expedited hearing on the matter for November 17, 1999, and on November 22, the trial court issued a judgment and noted that the 1994-1996 regular audit for the Village of Attica "indicates numerous citations and noncompliance citations." Judgment Entry, at **2-3. The trial court also issued detailed findings of fact regarding the case:
 3. Having been defeated in the November 1999 election, Defendant's term expires on March 31, 2000, pursuant to R.C. 733.26.1.
* * * *
 5. On March 30, 1999, the Auditor of State informed the village public officials that the books and records for years 1997 and 1998 of the Village of Attica were unauditable. Defendant had ninety days to make reasonable efforts and continuing progress to bring the village's accounts, records, files and reports into an auditable condition. In that ninety-day period, Defendant failed to bring into compliance the records she is statutorily required to keep.
* * * *
 7. Defendant was obligated to produce the Village's subpoenaed records on September 1, 1999. Defendant failed to produce the subpoenaed records on that date. In fact, the Defendant has failed on multiple occasions to produce the records she was required by law to keep.
* * * *
 10. According to the testimony of [Village of Attica Solicitor] Dean Henry, the Defendant has knowingly refused to keep required records for 1999.
* * * *
 12. Defendant has knowingly refused to pay Village bills on a timely basis.
 13. Defendant has knowingly refused to keep Council minutes.
* * * *
 15. * * * * Defendant's excuses for noncompliance of statutory duties were not supported by the evidence.
In accordance with these findings of fact, the trial court removed Ms. Stoldt from the office of Clerk-Treasurer of the Village of Attica, ordered her to turn over all village records and property in her possession to the village police department, enjoined her from harming any village property or records, and directed her to pay the costs of the removal action.
On appeal, Ms. Stoldt argues that the trial court's actions violated her due process rights, that the decision was not supported with sufficient proof, and that the trial judge should have either recused himself or granted her motion for a change of venue. However, this Court declines to address the alleged errors assigned by Ms. Stoldt, because we do not believe that there remains a live case or controversy for us to decide.
The Auditor of State's complaint and the trial court's decision was limited to relief associated with removing Ms. Stoldt from her office as Clerk-Treasurer, and it is undisputed that "[h]aving been defeated in the November 1999 election, Defendant's term expire[d] on March 31, 2000 * * *." Judgment Entry Findings of Fact, at *2.
 [W]hen, pending an appeal from the judgment of a lower court and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.
Miner v. Witt (1910), 82 Ohio St. 237, 239. The instant case was not submitted for decision to this Court until May 9, 2000 over a month after Ms. Stoldt would have forfeited her office had she not already been removed. Even if we were to decide the case entirely in Ms. Stoldt's favor we could not reinstate her to her position as Clerk-Treasurer, because her term in office has already expired. Accordingly, we conclude that there is no effectual relief that this Court can afford, and therefore dismiss the appeal.
BRYANT and WALTERS, JJ., concur.